UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
In re:                                                                      Case No. 16-70321

    JOSEPH BONILLA, JR and                                 Chapter 7
    VILMA BONILLA,


                              Debtors.
----------------------------------------------------------------X

### NOTICE OF MOTION FOR AN ORDER PURSUANT TO
### 11 U.S.C. § 362(d) GRANTING RELIEF FROM THE AUTOMATIC STAY

      **PLEASE TAKE NOTICE** that a hearing will be held to consider the motion (the of U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, by its attorney Kevin T. MacTiernan, for an order pursuant to Rule 9014 of the Federal Rules of Bankruptcy Procedure (i) granting relief from the automatic stay, imposed by 11 U.S.C. § 362(a), pursuant to FRBP 4001, 11 U.S.C. §§ 105(a), 362(d)(1), and 362(d)(2) permitting Movant leave to take any and all action under applicable state law to exercise its remedies against the property located at 39 Pinewood Avenue, Central Islip, NY 11722 (hereinafter the "Property"); (ii) granting $350.00 in reasonable attorney's fees and $176.00 for the filing fee necessary to bring the Motion; and (iii) for such other further and different relief as may seem just, proper and equitable. The hearing will be held before this Court as set forth below:

| | |
|---|---|
| U.S. Bankruptcy Judge: | Honorable Alan S. Trust |
| U.S. Courthouse: | Alfonse M. D'Amato<br>U.S. Courthouse<br>290 Federal Plaza<br>Central Islip, NY 11722 |
| Return Date and Time: | November 17, 2016 at 10:30am |

Dated:  September 22, 2016          COHN & ROTH
        Mineola, New York

                                          By:    /s/ Kevin T. MacTiernan
                                                Kevin T. MacTiernan
                                     Attorneys for Movant
                                     100 E. Old Country Road
                                     Mineola, New York  11501
                                     (516) 747-3030

| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>EASTERN DISTRICT OF NEW YORK<br>-------------------------------------------------------------X<br>In re:<br>      JOSEPH BONILLA, JR and<br>      VILMA BONILLA, | **Hearing Day and Time:**<br>November 17, 2016 at 10:30am<br><br>Case No. 16-70321<br>Chapter 7 |

Debtors.

-------------------------------------------------------------X

**AFFIRMATION IN SUPPORT OF**
**<u>MOTION FOR RELIEF FROM AUTOMATIC STAY</u>**

       Kevin T. MacTiernan, an attorney admitted to practice before the Eastern District of New York Bankruptcy Court, hereby affirms under penalty of perjury that:

       1.     I am an associate of the firm of Cohn & Roth, the attorneys for U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust (hereinafter, "Movant"). I am familiar with the facts set forth herein based upon information and documentation supplied to me by Movant. I make this affirmation in support of the motion of Movant for an Order: (i) modifying and terminating the automatic stay, in place pursuant to § 362(a) of the Title 11 of the United States Code, to permit Movant to exercise all of its rights and remedies with respect to certain collateral known as 39 Pinewood Avenue, Central Islip, NY 11722 (hereinafter, the "Property") by virtue of Rules 4001 and 9014 of the Federal Rule of Bankruptcy Procedure and §§ 362(d)(1) and 362(d)(2) of the Bankruptcy Code; (ii) granting $350.00 in reasonable attorney's fees and $176.00 for the filing fee necessary to bring the Motion; and (iii) granting Movant such other further and different relief as may seem just, proper and equitable.

       2.     The Court has jurisdiction pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

3. Joseph Bonilla (who collectively with Vilma Bonilla are the "**Debtors**"), for the purpose of securing to Bank of America, N.A. (hereinafter, the "Original Mortgagee") payment of the principal sum of $260,590.00, with interest thereon, on or about August 10, 2007, for a valuable consideration, executed and delivered to the Original Mortgagee a Note dated on that day (hereinafter "Note"), whereby the Debtors undertook and promised to pay to the Original Mortgagee the principal sum and interest thereon at the rate provided for therein. The Note is annexed hereto as Exhibit "A".

4. As collateral security for the payment of indebtedness, the Debtors executed and delivered to the Original Mortgagee a mortgage (hereinafter "Mortgage") dated August 10, 2007 and recorded in the Office of the County Clerk of Suffolk on November 26, 2007 in Liber 21637, Page 958. The Mortgage is annexed hereto as Exhibit "B".

5. The Note was endorsed in blank and delivered to Movant. *See* Exhibit "A".

6. The Mortgage was assigned from Original Mortgagee to Ocwen Loan Servicing, LLC (the "Assignee") by assignment recorded in the Office of the County Clerk of Suffolk on December 10, 2012 in Liber 22280, page 519 (the "First Assignment"). The First Assignment is annexed hereto as Exhibit "C".

7. The Mortgage was then assigned from the Assignee to Movant by assignment dated May 3, 2016 (the "Second Assignment"). The Second Assignment is annexed hereto as Exhibit "D". The Second Assignment was executed by Caliber Home Loans, Inc. (hereinafter "**Caliber**"), attorney-in-fact for Assignee.

8. Movant is the present owner and holder of the Note and Mortgage on the Property.

9.  The Mortgage constitutes a lien upon the Property. The Property is the principal residence of the Debtors.

10. Movant, as holder of the Mortgage, desires to commence or continue its action to foreclose upon the Mortgage.

11. On January 27, 2016, the Debtors filed a voluntary petition for relief with the Court pursuant to chapter 7 of the Bankruptcy Code. By reason of the Debtors having filed the Petition, Movant, the holder of the Note and Mortgage, is presently stayed from proceeding with any action under applicable state law to exercise its remedies against the Property.

12. Annexed hereto as Exhibit "E" is the Relief from Stay ― Real Estate and Cooperative Apartments (the "Bankruptcy Worksheet"), as required by General Order 347 of this Court.

13. Movant should be granted relief from the Automatic Stay for the following reasons:

(a)  the Debtors have no equity in the Property and the Property is not necessary to an effective reorganization, 11 U.S.C. §362(d)(2);

(b)  the Debtors' failure to make monthly payments to Movant establishes sufficient cause to grant it relief from the Automatic Stay, 11 U.S.C. §362(d)(1); and

(c)  the Debtors' lack of equity in the Property and failure to make timely payments to Movant has placed it in a position of being inadequately protected, 11 U.S.C. §362(d)(1).

### A.  LACK OF EQUITY FOR THE ESTATE

14. Pursuant to § 362(d)(2) of the Bankruptcy Code, on request of a party-in-interest and after notice and hearing, the court shall grant relief from the Automatic Stay if "(A) the

debtor does not have equity in such property; and (B) such property is not necessary to an effective reorganization."  *See* 11 U.S.C. § 362(d)(2)(A)-(B).

15. The Debtors' outstanding balance on the debt owed to Movant is $314,338.41. *See* Exhibit "E".

16. Annexed hereto as Exhibit "F" is a copy of a market analysis demonstrating that the Property's market value is $296,990.00.  Given this value, the Debtors have no equity in the Property.

17. Additionally, if the property was sold by the Trustee the following sums would have to be deducted from the amount realized through the sale:

   (a) the outstanding balance of the Mortgage held by Movant in the amount of $314,338.41 (*see* Exhibit "E");

   (b) a broker's commission of approximately 6% of the sale price, in the amount of $17,819.40;

   (c) the Trustee's commission of approximately 3% of the sale price, in the amount of $8,909.70;

   (d) New York State Transfer Tax of $4.00 per $1,000.00 of the sale price, potential State and Federal Taxes on any gained realized by the Debtors; and

   (e) attorneys fees for negotiation of the contract of sale and closing.

18. In light of these obligations, neither the Debtors nor the estate have any equity in the Property.

19. Movant submits that the Property is not necessary for an effective reorganization as the instant case is a chapter 7 liquidation.

20.     Thus, the Court should grant relief from the Automatic Stay because the Debtors have no equity in the Property and the Property is not necessary for an effective reorganization.

### B.  FAILURE TO MAKE REGULAR MONTHLY MORTGAGE PAYMENTS

21.     Furthermore, § 362(d)(1) of the Bankruptcy Code provides, in pertinent part, that, on request of a party-in-interest and after notice and hearing, the Court shall grant relief from the Automatic Stay "for cause".  While "cause" is not defined by the Bankruptcy Code, courts have held that "[a] debtor's failure to make regular mortgage payments as they become due constitutes sufficient 'cause' to lift the automatic stay."  *In re Fennell*, 495 B.R. 232, 239 (Bankr. E.D.N.Y. 2012); *see also In re Schuessler*, 386 B.R. 458, 480 (Bankr. S.D.N.Y. 2008) ("This is particularly true where a debtor lacks the willingness; the current means; or a realistic, near-present ability to make contractual payments to the secured creditor.").

22.     Movant has informed our office that the Debtors have failed to make regular monthly payments as they come due, including late payment charges, inspections and other loan charges for the months of February 2016 through September 2016.  *See* Exhibit "E".  Thus, Movant has "cause" for relief from the Automatic Stay pursuant to § 362(d)(1) due to the Debtors failure to make regular mortgage payments.

### C.  LACK OF ADEQUATE PROTECTION

23.     Finally, § 362(d)(1) of the Bankruptcy Code provides that, on request of a party-in-interest and after notice and hearing, the court shall grant relief from the Automatic Stay for "cause, including the lack of adequate protection[.]"

24.     As detailed in Part "B" above, Movant has informed our office that the Debtors have failed to make regular monthly payments as they come due.  *See* Exhibit "E".  By

failing to make payments to Movant, the Debtors have demonstrated an inability to make the regular payments.

25. Furthermore, as detailed above in Part "A", the Mortgage debt now exceeds the value of the Property it is secured by.

26. In light of the Debtors' failure to make regular monthly mortgage payments and the lack of any equity in the Property, the Movant's security interest in the Property is inadequately protected and Movant is entitled to relief from the Automatic Stay pursuant to §362(d)(1) of the Bankruptcy Code.

## CONCLUSION

27. As a result of the Debtors' default, Movant has been required to protect its security interest by the filing of this Motion and is therefore entitled to the attorneys fees and costs of this Motion. Moreover, the mortgage held by Movant provides that the Debtors shall pay to it, all sums expended by it due to the default, including reasonable attorney's fees. Movant has expended the following sums in relation to the Motion: $350.00 in reasonable attorneys fees and a $176.00 filing fee.

28. It is evident from all of the above that the Movant is entitled to relief from the Automatic Stay. Accordingly, Movant requests that the Proposed Order, annexed hereto as Exhibit "G", be signed as submitted and entered on the docket. The Proposed Order was served on all interested parties.

**WHEREFORE**, it is respectfully requested that an Order be issued vacating the Automatic Stay by virtue of 11 U.S.C. §§ 362(d)(1) and 362(d)(2) as to Movant; granting Movant, its agents, assigns or successors in interest leave to take any and all action under applicable state law

to exercise its remedies against the Property; granting attorney fees and costs; and for such other further and different relief as may seem just, proper and equitable.

Dated: September 22, 2016  
       Mineola, New York

COHN & ROTH

By:   <u>/s/ Kevin T. MacTiernan</u>  
      Kevin T. MacTiernan  
Attorneys for Movant  
100 E. Old Country Road  
Mineola, New York 11501  
(516) 747-3030